### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE MORTON, ) | |
| BOP REGISTER NO. 14125-003, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:24-cv-432-TFM-B |
| ) | |
| KRISTI DUBOSE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

On November 14, 2024, the Magistrate Judge entered a Report and Recommendation which recommends this case be be dismissed without prejudice for failure to prosecute and to comply with the court's orders. *See* Doc. 5. Plaintiff has filed several documents with the Court since the entry of the Report and Recommendation. *See* Docs. 6, 7, 8, 9, 10, 11. Though none are clearly identified as objections, the Court will consider them nonetheless. The Report and Recommendation is ripe for review.

On December 2, 2024, the Magistrate Judge entered a clear order that directed Plaintiff to file either the filing fee or a motion to proceed *in forma pauperis*. *See* Doc. 3. He was explicitly told that failure to comply would result in a recommendation to dismiss the action. *Id*. The deadline passed with no action from the Plaintiff. Therefore, as promised, the Magistrate Judge entered the Report and Recommendation recommending dismissal of this case failure to prosecute and/or failure to comply with court orders. Doc. 5.

Instead of filing objections, or even clearly complying with the prior order, Plaintiff filed a "Motion to Proceed with Entire Release of His Legal Documents; Within Both This Court System and The Federal Prison System Entirely, Under Judge Order." Doc. 6. In this document

he makes certain allegations against the Defendants. However, he does embed in the document some discussion of appointing attorney Benjamin Crump (out of Houston, Texas) to represent him in this case and then to give him more time to pay the filing fees – which his attorney would do once appointed. He then states that Benjamin Crump is willing to accept the appointment. Plaintiff further demands $1 billion dollars – half to be written in a check to his attorney and the other half paid directly to him. The document also contains a letter addressed to the President of the United States seeking a pardon and/or clemency.

To the extent this document contains a request for an appointment of counsel, that request is **DENIED**. A plaintiff in a civil case has no constitutional right to counsel. While an indigent plaintiff may be appointed counsel pursuant to 28 U.S.C. § 1915(e)(1), a court retains broad discretion in making this decision. *See Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999). At this stage, the Court cannot even determine if the Plaintiff is indigent – for the very same reasons the Magistrate Judge ordered him to complete the motion to proceed *in forma pauperis*. Moreover, the Court finds that based upon the current allegations, there is no basis to appoint Plaintiff counsel in this civil case. It would appear that all defendants would be entitled to absolute judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judge will not be deprived of immunity even if action was in error, done maliciously, or in excess of his authority, and he is only subject to liability in the clear absence of all jurisdiction); *Bolin v. Story*, 225 F.3d 1234, 1239-40 (11th Cir. 2000) (citations omitted) (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is clearly absent). Therefore, that is an additional reason to deny any request for appointment of counsel.

The next document filed by Plaintiff is dated February 10, 2025 and received by the Court

on February 20, 2025.  *See* Doc. 8.  It contains another letter addressed to the President of the United States.  He also makes some references to the First Step Act Requirements of 2018 but only in the context of arguing to the President that he should have already been released and the prior presidential administration failed to do so. It next contains a letter to former Speaker of the House Nancy Pelosi. Third, it contains a letter addressed to the U.S.A. Nation.  Next it contains a letter to F.B.O.P. (presumably the Federal Bureau of Prisons).  Finally, it contains a letter addressed to The Pardon Attorney.  The Court notes that none of these can be reasonably construed as objections to the Report and Recommendation nor do they satisfy the Magistrate Judge's prior order to pay the filing fee or file a motion to proceed *in forma pauperis*.

Plaintiff also filed two letters addressed to the Magistrate Judge.  *See* Doc. 10, 11.  However, as with the preceding documents, there is nothing to address the basis for the dismissal – which was the failure to comply with the order to file a motion to proceed *in forma pauperis* or pay the filing fee.

The only document that can possibly viewed as objections is the document entitled "Recommendation to Reconsider Dismissal" which was received on February 18, 2025.  Doc. 7.  Yet, even despite that title, he does not address the substance of why he failed to comply with the Magistrate Judge's order.  Rather he pleads for assistance and asks the case be reopened to seek $360 billion dollars.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  "[D]ismissal upon disregard of an order, especially where the litigant has

been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Plaintiff, even after being put on notice, failed to comply with the directive to pay the filing fee or file a motion to proceed *in forma pauperis*. Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which "objection" is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, this case is **DISMISSED without prejudice**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 9th day of April, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE